UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RICARDO RAMONE MILSAP,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>CLAY COUNTY,<br><br>　　　　　　Respondent. | 4:24-CV-04120-CBK<br><br>ORDER |

　　　Petitioner, a prisoner at the South Dakota State Penitentiary, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to proceed *in forma pauperis* without the prepayment of the filing fee but has not responded to the Clerk of Courts notice to provide a prisoner trust account report as required. The Court is unable to determine whether petitioner qualifies to proceed without the prepayment of the filing fee pursuant to 28 U.S.C. § 1914(a).

　　　I have conducted an initial consideration of the petition, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

　　　Petitioner is challenging his March 14, 2024, two-year revocation of probation sentence imposed in relation to a previous domestic abuse simple assault, fourth offense, conviction in South Dakota Circuit Court, First Judicial Circuit, Clay County, case # 13CRI23-000110. I take judicial notice of the records of the South Dakota Circuit Courts available on the Unified Judicial System's ecourts portal, https://ecourts.sd.gov/.

　　　The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A

state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1 to challenge his conviction and sentence.

Petitioner filed a petition for a writ of habeas corpus in South Dakota Circuit Court, First Judicial Circuit, Clay County, on May 10, 2024, Case # 13CIV24-000071. That case is still pending. Petitioner has not exhausted his state court habeas remedies Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

Now, therefore,

IT IS ORDERED:

1. The petition for a writ of habeas corpus is denied without prejudice for failure to exhaust state court remedies.

2. Petitioner's motion, Doc. 2, to proceed *in forma pauperis* without the prepayment of the $5.00 filing fee is denied as moot.

DATED this 17th day of September, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge